UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL SHOOK, et al.,<br><br>                Plaintiffs,<br><br>  v.<br><br>CITY OF TACOMA,<br><br>                Defendant. | CASE NO. C19-5829 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Mitchell Shook's ("Shook") motion for a temporary restraining order. Dkt. 10.

On April 17, 2019, Shook filed a complaint in Pierce County Superior Court for the State of Washington against the City of Tacoma ("City") to restrain and enjoin an alleged sale of the City's Click! telecommunications system to a private third party. Dkt. 6-4. On June 5, 2019, the City moved to consolidate the case with a similar case filed by Plaintiffs Thomas McCarthy and Christopher Anderson ("McCarthy and Anderson"). Dkt. 6-32. On June 10, 2019, the court granted the motion to consolidate. Dkt. 6-46.

On June 12, 2019, McCarthy and Anderson filed a motion for a temporary restraining order to enjoin the City "from, in any way, entering into an irrevocable right of use ('IRU') and asset sale with Mashell Telecom, Inc., doing business as Rainier Connect ('Rainier Connect') for Click! Network ('Click!' or the 'System'), and further from selling, leasing, or disposing of the community's municipal broadband System to

any other party without first obtaining approval in a municipal election for any such sale, lease, or disposition." Dkt. 6-56 at 1. On June 17, 2017, McCarthy and Anderson filed a motion for a preliminary injunction or writ of prohibition seeking the same relief. Dkt. 6-70. On July 19, 2019, the court denied the motions concluding that the Click! Network is not a utility. Dkt. 6-110, ¶ 8 (citing *City of Issaquah v. Teleprompter Corp.*, 93 Wn.2d 567, 574–75 (1980)).

On July 29, 2019, Shook filed a motion for reconsideration, Dkt. 6-115, and McCarthy and Anderson filed a motion for reconsideration, Dkt. 6-118. On August 14, 2019, the court denied the motions and explicitly affirmed its conclusion of law that Click! is not a utility under Washington law. Dkt. 6-131.

On August 26, 2019, Shook filed an amended complaint. Dkt. 6-136. On September 4, 2019, the City removed the matter to this Court arguing that at least one of Shook's new claims is preempted by the Cable Communications Act of 1984 (Pub. L. No. 98-549, 98 Stat. 2779 (1984)) and that Shook asserts a claim that the City "retained taxes collected in violation of the Internet Tax Freedom Act ('ITFA'), 47 U.S.C. § 151 (1998), as amended." Dkt. 1, ¶¶ 5, 6.

On October 16, 2019, Shook filed the instant motion for a temporary restraining order. Dkt. 10.

To obtain preliminary relief, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24–25 (2008).

In this case, Shook fails to establish all four elements. First, Shook fails to cite the procedural history of this case and presents the argument that Click! is a utility under Washington law, which is in direct conflict with the Pierce County Court's conclusion of law. Dkt. 10 at 9. Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). While this doctrine is discretionary and subject to three exceptions, *id.*, Shook fails to even address this issue. Moreover, it would seem to be an abuse of discretion for this federal Court to reverse a Washington court's interpretation of Washington law. In fact, the Court could consider severing this unique question of state law and remand. *See* 28 U.S.C. § 1367(c)(1). Therefore, the Court concludes that Shook fails to establish a likelihood of success on the merits.

Second, Shook fails to articulate immediate, irreparable harm in the absence of relief. Specifically, he fails to establish when any alleged deal would become irrevocable, whether the City is negotiating a deal, or whether the City has entered into a deal. Therefore, the Court concludes that Shook fails to establish this element as well and **DENIES** his motion.

Dated this 17th day of October, 2019.

BENJAMIN H. SETTLE
United States District Judge